IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lee Smith,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-15-1465-PHX-JAT (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

Christopher Lee Smith filed a Petition for Writ of Habeas Corpus challenging his conviction in Maricopa County Superior Court for one count of second degree murder for the death of Trang Vo and three counts of aggravated assault. His habeas petition argues that his trial contained impermissible jury instructions and inadmissible evidence, and that he received ineffective assistance of counsel. As explained below, the Court recommends that Smith's petition be denied and dismissed with prejudice.

## BACKGROUND

Following a head-on collision, Smith was charged with three counts of assault and one count of second degree murder. (Doc. 9, Ex. A) Smith's defense at trial was that he had been sleep-driving. (Doc. 9, Ex. V, ¶¶ 10-11) At the conclusion of an eight day trial in Maricopa County Superior Court, a jury found Smith guilty of one count of second degree murder and three counts of aggravated assault, all dangerous offenses. (Doc. 9, Ex. J; Doc. 16, Exs. NNN-DDDD) The Court sentenced Smith to a presumptive sentence

of 16 years for murder to be followed by concurrent, presumptive sentences of 7.5 years for the aggravated assaults.  (Doc. 9, Ex. O)

<u>Direct Appeal</u>.  Smith, through counsel, timely appealed and argued that the jury instruction on the effect of alcohol use deprived him of due process by impermissibly shifting the burden of proof and was also impermissibly confusing.  (Doc. 9, Ex. S)  At the conclusion of briefing, the Arizona Court of Appeals affirmed Smith's convictions and sentences.  (Doc. 9, Exs. T, U, V)  Smith's counsel declined continuing representation and Smith obtained new counsel.  (Doc. 9, Exs. W, X)

Through his new counsel, Smith petitioned the Arizona Supreme Court for review and argued that his due process rights were violated by the jury instructions on voluntary intoxication and voluntary acts, the failure to instruct the jury on intervening cause, and the statutory definition of reckless murder.  (Doc. 9, Ex. Y)  The Arizona Supreme Court denied Smith's petition for review.  (Doc. 9, Ex. AA)

<u>Post-Conviction Relief</u>.  Smith timely filed a notice of post-conviction relief in Maricopa County Superior Court.  (Doc. 9, Ex. CC)  Smith was appointed counsel who subsequently filed a Notice of Completion informing the Court that he was unable to raise any viable claims.  (Doc. 9, Ex. DD, EE, FF)  The Court granted Smith the opportunity to file a *pro per* Petition and he hired counsel to do so.  (Doc. 9, Exs. GG, HH, II, JJ)  His Petition argued that he had received ineffective assistance of trial counsel when his trial counsel did not properly interview witnesses, his trial counsel agreed to a prejudicial stipulation, and his trial counsel failed to prepare an expert witness.  (Doc. 9, Ex. JJ)  At the conclusion of briefing, on October 21, 2013, the Superior Court found that Smith did not present a colorable claim of ineffective assistance of trial counsel and denied his Petition.  (Doc. 9, Exs. KK, LL, MM)

On October 24, 2013, shortly after the Superior Court denied his Petition, Smith signed two motions:  a notice of intent to file a petition for review and a motion for an extension of time to do so.  (Doc. 9, Exs. NN, OO at 2)  Smith filed both motions in the Arizona Court of Appeals.  (*Id*.)  Both motions were marked as "Filed" by the Court of

Appeals on November 4, 2013, and also marked as "Filed" by the Maricopa County Superior Court on November 12, 2013. (*Id.*)

On January 6, 2014, Smith filed another motion for an extension of time to file his petition for review. (Doc. 9, Ex. PP) This motion is stamped as received by the Arizona Court of Appeals on January 10, 2014. (*Id.*) On January 15, 2014, the Clerk of the Court of Appeals forwarded a copy of this motion to the Clerk of the Maricopa County Superior Court, noting that the Arizona Rule of Criminal Procedure 32.9(c) requires the trial court to address extensions of time. (Doc. 9, Ex. OO at 1) Smith was copied on this letter. (*Id.*) The Superior Court marked Smith's motion as "Filed" on January 17, 2014.[1]

On January 29, 2014, Smith signed a Petition for Review and filed it in the Arizona Court of Appeals. (Doc. 9, Ex. QQ) The Court of Appeals marked it as "Filed" on February 3, 2014, and subsequently dismissed it as untimely. (Doc. 9, Exs. QQ, RR) Smith's motion for reconsideration and his petition to the Arizona Supreme Court for review were both denied. (Doc. 9, Exs. SS, TT, UU, VV)

<u>Subsequent Post-Conviction Relief</u>. In October 2014, Smith filed a notice of post-conviction relief in Maricopa County Superior Court arguing that he was entitled to post-conviction relief because *State v. Spencer*, 235 Ariz. 496 (App. 2014), constituted a significant change in the law that would probably overturn his conviction or sentence.[2] (Doc. 9, Ex. AAA) Without further briefing, the Superior Court found that Smith had not provided any legal analysis to support his conclusion and denied his Notice. (Doc. 9, Ex. BBB) Smith's motion for reconsideration was denied. (Doc. 9, Exs. CCC, DDD)

---

[1] On September 11, 2014, the Superior Court filed a minute entry directing the State to respond to Smith's motion for an extension of time. (Doc. 9, Ex. XX) The State's response argued that the issue was moot because the Arizona Supreme Court had already denied Smith's petition for review. (Doc. 9, Ex. YY) The Superior Court then noted that its minute entry was in error because Smith's motion had been directed to the Court of Appeals not the Superior Court. (Doc. 9, Ex. ZZ)

[2] In *Spencer*, the Arizona Court of Appeals held that a defendant did not voluntarily consent to post-accident medical treatment and so the trial court should have granted her motion to suppress her warrantless medical blood draw. *State v. Spencer*, 235 Ariz. 496 (App. 2014).

In February 2015, Smith filed another notice of post-conviction relief in Maricopa County Superior Court raising the same argument about the impact of new law. (Doc. 9, Ex. EEE) The Superior Court again dismissed his notice. (Doc. 9, Ex. FFF) In April 2015, Smith filed a petition for review in the Arizona Court of Appeals. (Doc. 9, Ex. GGG) There is no information in the record to indicate that the Court of Appeals has issued a decision. (Doc. 9, Ex. HHH)

Habeas Corpus. On December 12, 2014, Smith filed a document in this Court titled "Notice of Petition" which stated that he intended to file a petition for writ of habeas corpus. 2:14-CV-02678-JAT-DKD at Doc. 1. This notice was subsequently dismissed without prejudice. *Id*. at Docs. 5, 6.

On July 30, 2015, Smith filed a Petition for Writ of Habeas Corpus in this case. (Doc. 1) On August 19, 2015, he filed an Amended Petition which argues that his due process rights were violated by (1) the jury instruction on the effect of alcohol use, (2) the failure to instruct the jury on intervening cause, and (3) the jury instruction on second degree murder, and (4a) the admission of a historical DUI. Finally, Smith argues that his right to effective assistance of counsel was violated when (4b) a historical DUI was admitted into evidence, (5) trial counsel failed to interview witnesses, and (6) trial counsel failed to have an expert witness interview him personally. (Doc. 8)

Respondents argue that his Petition is untimely and, even if timely, Grounds 2 through $6^3$ are technically exhausted but procedurally defaulted. In reply, Smith argues that he timely filed his request for additional time to file post-conviction relief and the Superior Court never ruled on any of those requests. (Doc. 14 at 3-6) Smith also argues that he has met the exhaustion requirement "because he's identified Constitutional violations during state court proceedings." (*Id*. at 9)

---

[3] Respondents only argue that Grounds 2-6 are technically exhausted but procedurally defaulted. (Doc. 9 at 26) Other than untimeliness, Respondents do not raise any other arguments about Ground One.

- 4 -

1  The Court agrees that Smith's Petition is untimely. However, even if it had been
2  timely, Smith would not be entitled to habeas relief. Accordingly, the Court recommends
3  that this Petition be denied and dismissed with prejudice.

### Smith is not entitled to relief.

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). An untimely petition is denied unless a petitioner can show that he is entitled to equitable tolling. To make such a showing, Smith needed to demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In his petition and his reply, Smith has not attempted to meet either prong of the equitable tolling test. Instead, he argued that he timely filed his requests for an extension of time to file his petition for review. (Doc. 14) Although he did make these requests, he filed them in the wrong court. Under Arizona Rule of Criminal Procedure 32.9(c), Smith needed to file his requests in the Superior Court, not the Court of Appeals. The record does reflect that Smith's requests were received by the Superior Court shortly after he mailed them to the Court of Appeals; the record does not reflect that his requests were ever ruled upon by the Superior Court.

Respondents argue that Smith's one year clock began to run when he did not timely file a petition for review from the Superior Court's denial of his post-conviction relief proceedings. Under the most generous version of Smith's timeline, this argument appears persuasive: assuming that his one year clock began on November 26, 2013 (at the expiration of time to file his petition for review, or 35 days after the Superior Court's

- 5 -

denial on October 21, 2014), then he needed to file in this Court by November 26, 2014. His petition is untimely even assuming that his current petition relates back to the notice he filed on December 12, 2014.

But even if this Court found that Smith had timely filed habeas petition in this Court, or he was entitled to equitable tolling, he would still not be entitled to relief for any of his claims.

<u>Unexhausted claims</u>.  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Smith's petition for review to the Arizona Supreme Court is the first time that he argued that his due process rights were violated by the failure to instruct the jury on intervening cause (Ground 2), the jury instruction on second degree murder (Ground 3), and the admission of a historical DUI (Ground 4a).  (Doc. 9, Ex. Y)  Because these claims were not presented to the Arizona Court of Appeals, they were not exhausted in state court and, therefore, could not be reviewed by a habeas court.

<u>Ineffective Assistance of Counsel claims</u>.  Even if Smith had requested and received extensions from the correct court so that his claims for ineffective assistance of trial counsel were properly before this court, he would not be entitled to relief.

The Court could only grant habeas relief if Smith demonstrated prejudice from the adjudication of a claim that either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). *Lambert v. Blodgett*, 393 F.3d 943, 970, n.16 (9th Cir. 2004); *Bains v. Cambra*, 204 F.3d 964, 977 (9th Cir. 2000).

Under clearly established Federal law on ineffective assistance of counsel ("IAC"), Smith would need to show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011). The Court has discretion to determine which *Strickland* prong to analyze first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998). A habeas court reviewing a claim of ineffective assistance of counsel must determine "whether there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland.* Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted). In other words, this Court's "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The Superior Court reviewed Smith's petition for post-conviction relief and concluded that he did not establish that he received ineffective assistance of trial counsel. (Doc. 9, Ex. MM) Assuming the Arizona Court of Appeals would have agreed, this Court cannot say that this conclusion was an unreasonable application of the *Strickland* standard. The Court has reviewed trial counsel's performance in this case and cannot say that it was objectively deficient and caused Smith prejudice. (Doc. 16, Exs. NNN-DDDD)

First, Smith argued that his trial counsel should have conducted a more thorough interview of one of the State's witnesses, his sister, in order to discover her history of traumatic brain injury and her history of malingering about family matters. (Doc. 9, Exs.

JJ, LL) However, the Superior Court found that there was no error: Smith's sister's testimony was largely consistent with her husband's testimony and defense counsel tracked down impeachment material that evening. (Doc. 9, Ex. MM; Doc. 16, Ex. UUU at 5-13)

Next, Smith argued that his trial counsel should have required his expert to interview him. However, as the Superior Court noted, at trial, Smith's expert testified about the various reasons that a sleep study would not help him diagnose Smith and, instead, sleepwalking is usually diagnosed by interviews with family members. (Doc. 9, Ex. MM; Doc. 16, Ex. XXX at 23-26) In addition, the State's expert did interview Smith and that interview did not result in favorable findings and so the failure to conduct an interview with Smith may have been a sound trial strategy. (Doc. 16, Ex. YYY at 48-50)

Finally, Smith argued that his trial counsel should not have stipulated to the admission of his prior DUI. (Doc. 9, Ex. JJ) This argument has misleading implications. Smith's trial counsel challenged the State's Motion in Limine to admit the prior DUI in a written motion and in oral argument. After the court ruled that the state could only mention the fact of the conviction, it appears that Smith's trial counsel made the sound strategy choice to stipulate to the language that the State would use to comply with the court's ruling. (Doc. 9, Ex. K at Ex. 1) This Court cannot say that this constitutes ineffective assistance of counsel.

<u>Jury Instruction on Alcohol Use</u>. The Arizona Court of Appeals concluded that Smith's jury instruction on alcohol use did not violate his due process rights. (Doc. 9, Ex. V) Assuming that this question had been timely presented to this Court for habeas review, "The only question for [habeas review] is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Court has reviewed all of the transcripts in this matter, from pre-trial hearings and settlement conferences through sentencing and is confident that Smith's due process rights were not violated.

Simply put, Smith would not be entitled to relief even if the Court of Appeals had accepted his petition for review from the Superior Court's denial of his petition for post-conviction relief.

**IT IS THEREFORE RECOMMENDED** that Christopher Lee Smith's Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 11th day of April, 2016.

_____
David K. Duncan
United States Magistrate Judge