WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lee Smith, | No. CV-15-01465-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus. (Doc. 8). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") (Doc. 17) recommending that the amended Petition be denied and dismissed because it is barred by the statute of limitations. Petitioner filed objections to this recommendation. (Doc. 18).

The R&R also made alternative recommendations on the merits of the claims in the amended Petition in the event the amended Petition is found to be timely. Petitioner and Respondents objected to those recommendations. (Docs. 18, 19).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, this Court must review the portions of the R&R to which either party objected de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is

required if objections are made, 'but not otherwise.'").

## I. Statute of Limitations

The amended Petition in this case is governed by the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner's conviction became final on October 21, 2013, when the Superior Court denied Petitioner's timely petition for post-conviction relief. Doc. 13 at 10. Petitioner never properly filed an appeal, or a proper request for extension of time to appeal, this decision; thus, October 21, 2013 is when his conviction became final.[1] Doc.

---

[1] Petitioners do not receive statutory tolling for untimely filings. *See Allen v. Siebert*, 552 U.S. 3, 6 (2007) (holding, that time limits, *no matter their form*, are filing conditions, and that a state postconviction petition is therefore not properly filed if it was rejected by the state court as untimely)(internal quotations and citation omitted). Accordingly, Petitioner is not entitled to statutory tolling for his late filed petition for review with the Arizona Court of Appeals. Further, although the R&R assumes that

13 at 11 (quoting the Arizona Court of Appeals' summary dismissal of the late filed petition for review of the trial court's denial of the petition for post-conviction relief[2]). Thus, this habeas petition was due in Federal court by October 21, 2014, unless Petitioner is entitled to tolling. The habeas petition in this case was filed on July 30, 2015.

### A.  Statutory Tolling

Petitioner objects to the above calculation of when his federal habeas statute of limitations began to run. Doc. 18 at 1-2. Specifically, he claims that his various filings between October 21, 2013 (when the state trial court denied his petition for post-conviction relief) and February 3, 2014 (when he filed his untimely petition for review with the Arizona Court of Appeals) should further toll his federal statute of limitations. The various filings include a notice of intent to file a petition for review and a motion for extension of time that was filed in the incorrect court. Because none of these filings were "proper" under the state rules (as evidenced by the fact that the Arizona Court of Appeals ultimately found the petition for review to be untimely notwithstanding these filings), none of these filing qualify for statutory tolling. Moreover, even if Petitioner received tolling up to when he filed his untimely petition for review (February 3, 2014), his habeas petition in this Court would have been due by February 3, 2015; making his July 30, 2015 filing untimely regardless.

Petitioner also argues that he should receive tolling until the Arizona Supreme Court denied his petition for review (which Petitioner claims was September 15, 2014). Doc. 18 at 2. Because none of Petitioner's filings in state court were timely, none of them were properly filed. Thus, Petitioner is not entitled to statutory tolling.

Finally, Petitioner argues that this Court should use December 12, 2014 as the date

---

Petitioner would have received tolling of 35 days after the trial court's denial of the post-conviction relief petition for the time to petition for review to the Arizona Court of Appeals (R&R at 5-6), Petitioner is not entitled to tolling for the time to seek review of a non-of-right post-conviction relief petition. *See Bunn v. Ryan*, No. CV-12-02114-PHX-GMS, 2014 WL 794340, at *7 (D. Ariz. Feb. 27, 2014).

[2]  The Arizona Court of Appeal's Order dismissing the Appeal (Doc. 13-2 at 197) is undated.

1. he filed his habeas petition in federal court because that is the date he filed a "Notice for Petition under 28 U.S.C. § 2254." As indicated above, the Petition in this case was due by October 21, 2014; therefore, even if the Court used the December 21, 2014 filing date, the Petition in this case would be untimely. However, the Court cannot use this date as Petitioner cannot "relate back" his Petition in this case to another case. Further filing a habeas petition that is dismissed does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Thus, the Court will use July 30, 2015, the date this Petition was filed, as the date Petitioner filed in federal court.

### B. Equitable Tolling

Alternatively, Petitioner argues that he should receive equitable tolling through the denial of his petition for review by the Arizona Supreme Court because he did not understand the law and was not advised how to calculate the statute of limitations. Doc. 18 at 2. However, misunderstanding the law is not a basis for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Further, Petitioner has failed to show that any circumstance, much less an extraordinary circumstance, prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (requiring Petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" to qualify for equitable tolling) (internal quotations omitted). Indeed, during the permissible time limit for filing, Petitioner sent various filings to various courts; there appears to be no reason he could not have filed his habeas petition during this same time frame. Thus, Petitioner is not entitled to equitable tolling and his petition is untimely.

Moreover, even if the Court gave Petitioner equitable tolling through when Petitioner knew his petition for review had been rejected as untimely, February 21, 2014,[3] his habeas petition in this Court would have been due by February 21, 2015. Thus, even

---

[3] As noted in footnote 2 above, the copy of the Arizona Court of Appeals' dismissal in this record (Doc. 13-2 at 197) is undated. However, on February 21, 2014, Petitioner signed a motion for reconsideration of the Court of Appeals Order dismissing his petition for review as untimely. Doc. 13-3 at 2. Thus, by at the latest February 21, 2014, Petitioner knew his petition for review was procedurally improper.

if Petitioner received equitable tolling, his July 30, 2015 habeas petition is untimely.

Based on all of the foregoing, Petitioner's petition is untimely and will be dismissed because it is barred by the statute of limitations.

## II. Alternative Recommendation of the R&R

The R&R alternatively recommends that even if the Petition was timely, the Petition should be denied. The amended Petition raises 7 claims. R&R at 4. Respondents argued that the last 6 of the claims were not properly presented to the state courts and are now technically exhausted but procedurally defaulted. Doc. 19 at 4. Other than the statute of limitations argument, Respondents did not respond as to claim 1 of the amended petition (in their limited answer) (R&R at 4, n. 3), but the R&R nonetheless concluded that the claim is without merit (R&R at 8).[4] Petitioner and Respondents object to various recommendations on the resolution of the 7 claims.

Because the Court has concluded that the amended Petition is untimely, the Court will not reach the alternative recommendations in the R&R regarding the substance of the claims in the amended Petition. Accordingly, all of the objections are overruled without prejudice to re-asserting any such objection at a later time if appropriate.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 17) is accepted or modified as specified above regarding the statute of limitations for filing the petition. The objections (Docs. 18, 19) are resolved as specified above. The amended petition (Doc. 8) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural

---

[4] In their objections to the R&R, Respondents state that claim 1 was exhausted in state court. Doc. 19 at 5-6, n. 4.

- 5 -

1 | bar and jurists of reason would not find this Court's procedural ruling debatable.  *See*
2 | *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
3 |     Dated this 11th day of August, 2016.

_____
James A. Teilborg
Senior United States District Judge